IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW STELLY, and CHERYL WILLIAMS, | ) ) ) | 8:14CV170 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| ROBERT PETERS, JAMES THELE, MIKE SAKLAR, and MARTIN SHUKERT, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Matthew Stelly and Cheryl Williams filed their Complaint in this matter on June 6, 2014.  (Filing No. 1.)  Plaintiffs have been given leave to proceed in forma pauperis.  (Filing No. 9.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

## I.    SUMMARY OF COMPLAINT

Plaintiffs filed their Complaint against Robert Peters, James Thele, Mike Saklar, and Martin Shukert.  (Filing No. 1 at CM/ECF p. 1.)  As best as the court can tell, Plaintiffs purport to bring this action under the Program Fraud Civil Remedies Act of 1986, 31 U.S.C. §§ 3801-3812 ("PFCRA").  They also allege various instances of employment discrimination in their Complaint, though it is not clear from Plaintiffs' allegations whether they were the subjects of the discrimination referred to in the Complaint.

Plaintiffs allege the City of Omaha Planning Department ("planning department") is "responsible for the theft of over $200 million" because it has not

used grant money it received from the federal government to redevelop North Omaha. Instead, the planning department used the money to "hir[e] friends and familiars of Planning Department leadership" and "develop[] areas of town that were better off than North Omaha." (*Id.* at CM/ECF p. 2.) Plaintiffs also allege the planning department has not hired black contractors for development projects in North Omaha, the planning department has discriminatory hiring practices, and the planning department discriminated against "[a] black woman who worked in the department for over 25 years [and] was passed over by an incoming white woman who had taken a remedial class." (*Id.* at CM/ECF pp. 2-3.)

As relief, Plaintiffs ask (1) that Defendants be charged with violations of the PFCRA, (2) for an injunction halting the planning department's grant allocations process, (3) for monetary relief in the amount of $210 million, and (4) for the creation of a "Cultural Consultants Commission" to oversee the restoration of "North Omaha." (*Id.* at CM/ECF pp. 4-5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Standing

If a litigant lacks Article III standing to bring a claim, then the court has no subject matter jurisdiction over the suit. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013). Article III requires "'an injury [to] be concrete, particularized, and actual or imminent.'" *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). In addition, there must be "a causal connection between the injury and the challenged conduct." *Iowa League of Cities*, 711 F.3d at 869 (internal quotation and citation omitted). Finally, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 870. To prove injury in fact, a petitioner must show that he is "himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

A plaintiff has prudential standing to bring a claim if "'the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.'" *Lucas v. Jerusalem Café, LLC*, 721 F.3d 927, 939 (8th Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). In addition, as a general rule, to establish standing, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

Plaintiffs allege that black contractors have not been considered for development projects in North Omaha, the planning department has discriminatory hiring practices, and "[a] black woman who worked in the [planning] department for over 25 years was constantly harassed and passed over by an incoming white woman who had taken a remedial class." (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiffs have not alleged that they are contractors who have been refused contracts by the planning department or that planning department officials subjected them to employment discrimination. In other words, Plaintiffs have not alleged that they are themselves "among the injured." *See Lujan*, 504 U.S. at 563. On the court's own motion, Plaintiffs will have 30 days from the date of this Memorandum and Order to file an amended complaint that asserts their legal rights or interests and not the legal rights or interests of third parties.

### B.    General Pleading Requirements

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, No. 13-2128, ---F.3d ----, 2014 WL 3703995, at *3 (8th Cir. July 28, 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "'The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules.'" *Id.* (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002)). "'Accordingly, a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.'" *Id.* (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

Here, Plaintiffs name Robert Peters, James Thele, Mike Saklar, and Martin Shukert as Defendants.  However, aside from alleging that these individuals are members of the planning department, Plaintiffs' Complaint is entirely silent as to any actions taken by these individuals.  As such, the Complaint fails to give them fair notice of the nature and basis or grounds for their claims against them.  On the court's own motion, Plaintiffs will have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes their claims against Defendants.  Plaintiffs should be mindful to clearly explain what each Defendant did to each Plaintiff, when each Defendant did it, how each Defendant's actions harmed each Plaintiff, and what specific legal rights Plaintiffs believe each Defendant violated.

## C.    Program Fraud Civil Remedies Act

In this matter, Plaintiffs "demand that the Office of the Inspector General charge the City of Omaha" with violations of the PFCRA.  (Filing No. 1 at CM/ECF p. 4.)  The PFCRA allows federal departments and agencies "to pursue administrative actions against individuals for false, fictitious or fraudulent claims for benefits or payments under a federal agency program."  *Orfanos v. Dep't of Health and Human Servs.*, 896 F.Supp. 23, 24-25 (D.D.C. 1995).  "The scheme was enacted to 'provide federal agencies which are the victims of false, fictitious, and fraudulent claims and statements with an administrative remedy to recompense such agencies for losses resulting from such claims and statements . . . .'"  *Wade v. Donahoe*, Nos. 11-3795 and 11-4584, 2012 WL 3844380, at *11 (E.D.Pa. Sept. 4, 2012) (quoting Program Fraud Civil Remedies Act of 1986, Pub.L. No. 99–509, 100 Stat. 1874 § 6102(b)). The PFCRA "was not enacted for citizens to utilize as a cause of action against an administrative agency."  *Ellis v. Dep't of Veterans' Affairs*, No. CV-05-257-RHW, 2006 WL 224041, at *1 (E.D.Wa. Jan 27, 2006)).  For these reasons, the court finds that Plaintiffs cannot rely on the PFCRA to recover against Defendants.

IT IS THEREFORE ORDERED that:

1.      Plaintiffs shall have 30 days from the date of this Memorandum and Order to file an amended complaint that asserts their legal rights or interests and not the legal rights or interests of third parties, and that sufficiently describes their claims against Defendants.  Plaintiffs should be mindful to clearly explain what each Defendant did to each Plaintiff, when each Defendant did it, how each Defendant's actions harmed each Plaintiff, and what specific legal rights Plaintiffs believe each Defendant violated.  If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without notice for want of prosecution.

2.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: September 22, 2014: Check for amended complaint.

3.      Plaintiffs shall keep the court informed of their current addresses at all times while this case is pending.  Failure to do so may result in dismissal of this matter without further notice.

DATED this 19th day of August, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.